# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08cr2965-BEN |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO DISMISS INDICTMENT |
| vs. | |
| JUAN VASALLO-MARTINEZ, | |
| Defendant. | |

Now before the Court is Defendant's Motion to Dismiss the Indictment For Invalid Deportation (filed September 22, 2008). The motion is one of several motions urged by the Defendant. Upon review, this Court finds the underlying removal to be valid and denies the motion to dismiss the indictment.

## BACKGROUND

Defendant is currently charged with the crime of being a Deported Alien Found in the United States in violation of 8 U.S.C. §1326. The underlying deportation took place in January 2008. The deportation was the product of a removal order, which in turn, was based upon a stipulation of removal. From the record before the Court, it appears that a Notice to Appear was issued to Defendant on January 4, 2008. (Def.'s Supp. Briefing Exh. B.) On January 24, 2008, Defendant was served with the Notice to Appear and Defendant signed a document requesting a prompt hearing. (Def.'s Supp. Briefing Exh. C.) On the same day, Defendant signed a document in Spanish (form I-826 (rev. 08/01/07) advising him of his right to hire an attorney, and admitting that he is in the country illegally, giving up his right to a hearing, and wishing to return to his home country quickly. (Def.'s Supp. Briefing Exh. E.) Also on the same day, Defendant signed a

1  Stipulated Request for Removal Order and Waiver of Hearing.  (Def.'s Supp. Briefing Exh. F.)
2  Apparently, Defendant signed all of these documents without the advice of counsel.  The
3  Stipulated Request for Removal indicated that Defendant was advised of his right to counsel and
4  that he waived that right.  The Stipulated Request also indicated that Defendant gave up his right
5  to a formal hearing, and that he "did not wish to apply for any relief from removal."  The
6  Stipulated Request advises that Defendant will not be permitted to return to the United States for at
7  least ten years.  Finally, the Stipulated Request indicates that Defendant read and understood the
8  consequences of the entire document and that he submitted the request for removal "voluntarily,
9  knowingly, and intelligently."  *Id.*

10  On January 31, 2008, an Immigration Judge of the Immigration Court in San Francisco,
11  California, ordered Defendant's removal from the United States.  (Def.'s Supp. Briefing Exh. G.)
12  The order indicates that the Judge reviewed the Notice to Appear and the Stipulated Request for
13  Removal and found that "the respondent's stipulation and the waivers therein are made
14  voluntarily, knowingly and intelligently."  *Id.*

## CHALLENGING THE UNDERLYING REMOVAL ORDER

16  Defendant has moved to dismiss the indictment pursuant to 8 U.S.C. §1326(d) on the
17  ground that his removal earlier this year, which was the product of expedited proceedings initiated
18  by stipulation pursuant to §1229a(d), was fundamentally unfair because the proceedings violated
19  his federal due process rights.  All individuals in the United States, including aliens, are protected
20  by the Due Process Clause of the United States Constitution.  *United States v. Calderon-Segura*,
21  512 F.3d 1104, 1107 (9th Cir. 2008).  Due process in deportations proceedings is guaranteed by the
22  Fifth Amendment.  *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008).  Under §1326(d), "an
23  underlying removal order is fundamentally unfair if: (1) a defendant's due process rights were
24  violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a
25  result of the defects."  *Calderon-Segura*, 512 F.3d at 1107.

26  In this case, Defendant's signature signified a waiver of both his right to counsel and his
27  right to a hearing when Defendant signed the stipulation for removal.  As part of the process that is
28  due under the Constitution, an Immigration Judge must determine whether these waivers are

knowingly, intelligently and voluntarily made. 8 C.F.R. §1003.25. According to precedent, "at a minimum [an Immigration Judge] must (1) inquire whether the petitioner wishes counsel, (2) determine a reasonable period for obtaining counsel, and (3) assess whether any waiver of counsel is knowing and voluntary. *Ram,* 529 F.3d at 1241.

Courts have recognized the complexity of our immigration laws and why the assistance of counsel is helpful. "[T]he high stakes of a removal proceeding and the maze of immigration rules and regulations make evident the necessity of the right to counsel. The proliferation of immigration laws and regulations has aptly been called a labyrinth that only a lawyer could navigate." *Id.* at 1242 (citation omitted). With the law complex and the stakes high, the Ninth Circuit has repeatedly explained that for an alien to appear *pro se*, there must be a knowing and voluntary waiver of assistance of counsel, and, in order for the waiver to be valid an Immigration Judge "must generally: (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (citations omitted); *see also Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1080 (9th Cir. 2007).

Here, Defendant argues that he was denied due process in the underlying deportation proceeding because his waiver of a hearing – through a written stipulation for removal – cannot be deemed voluntary and intelligent. The Court agrees that in this case, the record is lacking a basis from which the Immigration Judge could have confidently determined that the Defendant's waivers were voluntary and intelligent. There is no record beyond the stipulation; no evidence that there was a specific inquiry and an affirmative response from Defendant. Therefore, this Court finds that the proceeding lacked protections required to satisfy due process. The inquiry now turns to whether Defendant was also prejudiced by the deportation proceeding. *See Calderon-Segura*, 512 F.3d at 1107.

**NO PREJUDICE FROM THE UNDERLYING DEPORTATION PROCEEDING**

To succeed on the prejudice prong of the invalid-prior-deportation claim a Defendant "must still show that he had 'plausible grounds' for relief." *United States v. Becerril-Lopez*, 541

1  F.3d 881, 886 (9th Cir. 2008) (citation omitted). In this case, Defendant argues that he had
2  plausible grounds for relief in the form of a voluntary departure. Title 8 U.S.C. §1229c provides
3  that the Attorney General "may permit an alien voluntarily to depart" in lieu of deportation
4  proceedings under §1229a, under certain conditions. One condition is that the alien is not an
5  aggravated felon.

6  Defendant, here, does not have an aggravated felony conviction and could have applied for
7  voluntary departure relief. However, it is not likely, or plausible, that he would have been granted
8  voluntary departure relief because of his criminal history over the preceding ten years. *See United*
9  *States v. Arce-Hernandez,* 163 F.3d 559, 564 (9th Cir. 1998) ("plausible" means more than
10 "virtually impossible" under existing caselaw); *United States v. Ceda-Pena*, 799 F.2d 1374, 1379
11 & n. 7 (9th Cir. 1986) (prejudice requires "likelihood" of a favorable decision).

12  A history of criminal convictions, even though not aggravated felony criminal convictions,
13 weighs heavily against an alien seeking voluntary departure or other discretionary relief from
14 removal. *See e.g., Delgado v. Mukasey*, 546 F.3d 1017 (9th Cir. 2008) (Attorney General deemed
15 criminal history of three felony DUI convictions as "particularly serious crimes" rendering alien in
16 deportation proceedings unsuited for discretionary relief of withholding of removal, cancellation
17 of removal, asylum, Convention Against Torture withholding of removal, and suspension of
18 deportation). Perhaps more so when the criminal activity is recent. *See e.g., United States v.*
19 *Alonza-Mendoza*, 239 Fed. Appx. 330, 331-32 (9th Cir. 2007) (unpublished) (no eligibility for
20 voluntary fast track departure where alien just released from serving six years in juvenile detention
21 for gang-related murder and other crimes).

22  In this case, Defendant's criminal history includes four convictions for Driving Under the
23 Influence, two of which are felony convictions. Of those, one occurred within the last two years.
24 In addition, Defendant has suffered three non-DUI convictions: (1) Driving Without a License, (2)
25 Disorderly Conduct, and (3) Sex With a Minor Younger by Three or More Years (a misdemeanor).
26 *See* Government's Response in Opposition to Defendant's Motion (filed Oct. 14, 2008), Exhs.
27 6 & 7.
28

A review of the decisions of the Board of Immigration Appeals reveals that their decisions are replete with instances of discretionary denials of relief from deportation for aliens with DUI convictions in their background.  *See e.g., In re Marcin Kaliszuk*, 2008 WL 2401151 (BIA May 19, 2008) (10-month sentence for DUI precludes finding of good moral character and repeated arrests and convictions for DUI supported denial of voluntary departure); *In re Elvys Campoverde-Reyes*, 2008 WL 4420097 (BIA Sept. 19, 2008) (DUI is particularly serious and calls into question alien's rehabilitation and constitutes good reason for discretionary denial of cancellation of removal); *In re Francisco Medina*, 2008 WL 4335826 (BIA Sept. 10, 2008) (history of DUI and alcohol-related offenses and recency of offenses constitutes good reason for discretionary denial of cancellation of removal); *In re David Bermudez*, 2008 WL 4420116 (BIA Sept. 22, 2008) (denying discretionary adjustment of status relief, in part, because of increasingly serious DUI convictions presenting danger to the larger United States community).

## CONCLUSION

In view of Defendant's criminal history and the Attorney General's exercise of discretion in other cases involving DUI convictions, this Court finds that voluntary departure under §1229c was not a plausible ground for relief from Defendant's deportation proceedings on January 24, 2008.  Without a plausible ground for relief from deportation, Defendant cannot succeed in his claim that under §1326(d), his underlying removal order is fundamentally unfair even though his due process rights were violated by the stipulated removal process.  *Becerril-Lopez*, 541 F.3d at 886 (requiring both defects in the proceeding depriving due process *and* prejudice to render underlying deportation order unfair under §1326(d)); *Calderon-Segura,* 512 F.3d at 1107 (same); *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) (same).

Therefore, Defendant's Motion to Dismiss the Indictment for Invalid Deportation is hereby, DENIED.

Dated: December 30, 2008

ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE